**PEOPLE OF THE TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**John George GENTAPANAN, Defendant–Appellant.**

No. 87–1216.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1988.

Decided June 7, 1988.

Howard G. Trapp, Trapp & Untalan, Agana, Guam, for defendant-appellant.

Frances Tydingco–Gatewood, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before WALLACE, REINHARDT and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

John G. Gentapanan was convicted of the misdemeanor of drunk driving in violation of Guam Government Code § 23405(a). He appeals from his conviction. Three points of criminal procedure in Guam are involved in the decision of the appeal.

*Proceedings.* Gentapanan first pleaded not guilty to the charge in 1983. The government filed a motion in liminine to exclude at trial any evidence as to his state of mind. A court-appointed psychiatrist had already diagnosed Gentapanan as suffering "from a mental defect which is termed borderline mental retardation." The psychiatrist had further concluded that Gentapanan was fit and competent to be proceeded against but that his ability to understand and participate was "limited" and would "require effort and patience on the part of his counsel."

After the government had filed its motion Gentapanan moved to be allowed to plead not guilty by reason of mental illness, disease or defect. On September 30, 1983 the Superior Court granted the government's motion to exclude evidence as to Gentapanan's state of mind.

On January 25, 1984 Gentapanan withdrew his plea of not guilty and entered a plea of no contest. He was accompanied by his counsel, Richard Untalan. The court informed Gentapanan of the effect of his plea and asked whether he insisted upon it. He persisted in the plea. The court then addressed him personally and found that the plea was made voluntarily and with an understanding of the nature of the charge

and the consequences of the plea. The court also found that there was a factual basis for the plea, accepted it and entered judgment, sentencing Gentapanan to six months in the Guam Penitentiary, a fine of $500 plus costs, and six months suspension of his driver's license.

Gentapanan timely appealed to the Appellate Division of the United States District Court of Guam. He subsequently moved to remand the case to the Superior Court so he could withdraw his plea of no contest. The Appellate Division granted this motion, and Gentapanan then moved in the Superior Court to set aside the judgment of conviction and to permit him to withdraw his plea of no contest. At a hearing on September 17, 1984 Gentapanan testified that no one had discussed with him the effect of his plea of no contest on his right to appeal the order granting the motion to exclude evidence of his state of mind. The Superior Court denied the motion to withdraw the plea. Gentapanan appealed.

On July 7, 1986 the Appellate Division affirmed the conviction, holding that the Superior Court did not abuse its discretion by denying Gentapanan's motion to withdraw his plea of no contest. Gentapanan appealed to us. However, the Appellate Division requested a remand for further proceedings, which we granted. The Appellate Division then issued a supplemental opinion holding that by pleading no contest Gentapanan waived his argument that the Superior Court erred in granting the motion to exclude evidence of his state of mind. Gentapanan again appealed to us.

■ *Analysis.* The government argues that the Appellate Division had no jurisdiction inasmuch as Gentapanan failed to per-fect his appeal because he did not follow the procedure for appeal of a judgment after a conviction following a plea of no contest as that procedure is set out in Guam Crim.Proc.Code § 130.15(e). This statute requires the defendant to file a written statement showing reasonable grounds for challenging the legality of any proceedings held in the case under section 65.15 before taking an appeal. The statute applies only to defendants who enter a nolo or guilty plea "based upon the refusal of the court to grant a prior motion of the defendant to suppress evidence against him." *Id.* § 130.15, note. The statute is not relevant here.

The order denying the motion to withdraw Gentapanan's plea was appealable under *id.* § 130.15(c), which provides for appeals from "any order made after judgment affecting the substantial rights of the defendant." The refusal to permit withdrawal did affect substantial rights of Gentapanan. The Appellate Division did have jurisdiction.

■ The basis on which Gentapanan contends that the Superior Court should be reversed is that there was "manifest injustice" in not permitting him to withdraw his plea. *Id.* § 120.42. The manifest injustice, it is argued, is that he did not understand that by his plea of no contest he was giving up his appeal on the motion to suppress any evidence of his state of mind.

This argument is not persuasive. Guam sets out with precision what a trial judge must do in accepting a plea of no contest. *Id.* §§ 60.50 and 60.60.[1] The Superior Court complied with these provisions. There is no basis for a court writing in further conditions beyond those specified by the Legislature of Guam.

---

1. **Guam Crim.Proc.Code § 60.50** provides:

The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(a) the nature of the charge to which the plea is offered;

(b) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made;

(c) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(d) the maximum possible penalty provided by the law for the offense to which the pleas is offered including that possible from the imposition of an extended term pursuant to Sections 80.38 and 80.40 of the Criminal and Correctional Code.

**Guam Crim.Proc.Code § 60.60** provides:

The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result

Gentapanan was represented by counsel. Counsel surely understood the effect of a no contest plea. Given Gentapanan's state of borderline mental retardation, there would have been very little advantage to him if the trial court had explained to him all the legal implications of his plea. The consequences were amply and intelligibly conveyed when the court in compliance with Guam statute told Gentapanan that if he pleaded no contest there would "not be a further trial of any kind" and that by his plea he was waiving "the right to a trial." *Id.* § 60.50(c).

On this appeal it is also urged on Gentapanan's behalf that there were two not guilty pleas before the court—one not guilty and the other not guilty by reason of mental defect. Both pleas were effectively abandoned, knowingly and voluntarily and with the assistance of counsel withdrawn, when Gentapanan pleaded no contest on January 25, 1984.

AFFIRMED.

REINHARDT, Circuit Judge, concurring:

I concur in the result.

of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.